IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY R. JONES,

                  Petitioner,

v.                                        OPINION and ORDER

E. EMMERICH,                                  25-cv-661-jdp

                  Respondent.

---

Petitioner Jeffery R. Jones, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Jones contends that Bureau of Prison officials have denied him time credit under the First Step Act (FSA) based on an arbitrary determination that his conviction for distributing fentanyl makes him ineligible for that relief.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition with prejudice because Jones was convicted of distributing 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, which makes him ineligible for FSA time credit.

I begin with the background. Jones pleaded guilty to counts three and nine of a multicount indictment. *United States v. Jones*, 20-cr-151 (E.D. Wis.), Dkt. 29. As relevant here, count three charged Jones with distributing a mixture or substance containing a detectable amount of heroin, methamphetamine, and fentanyl, all in violation of 21 U.S.C. § 841(a), § 841(b)(1)(B), and 18 U.S.C. § 2. *Id.* at 2. The indictment and plea agreement specified that

the offense involved 40 grams or more of a mixture or substance containing fentanyl. *Id.* at 2, 4. Jones received a 120-month sentence on count three and a 30-month consecutive sentence on count nine, for a total term of 150 months' imprisonment. Dkt. 56 in the '151 case, at 3. Jones is incarcerated at FCI-Oxford and has a release date of March 23, 2031.

I turn to the legal framework. Prisoners are ineligible to receive FSA time credit if they are serving sentences for certain offenses, including some more serious drug offenses charged under § 841(a)(1). 18 U.S.C. § 3632(d)(4)(D). Ineligible prisoners include those whose § 841(a)(1) offenses involve: (1) 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, so that they are sentenced under § 841(b)(1)(A)(vi); and (2) 40 grams or more of a mixture of substance containing a detectable amount of fentanyl, so that they are sentenced under § 841(b)(1)(B)(vi). *Id.* § 3632(d)(4)(D)(lxvi).

Ineligible prisoners also include those who are sentenced under § 841(a)(1)(A) or § 841(b)(1)(B), if the sentencing court finds that: (1) the § 841(a)(1) offense involved a mixture or substance containing a detectable amount of fentanyl; and (2) the prisoner "was an organizer, leader, manager, or supervisor of others in the offense," as determined under the federal sentencing guidelines. *Id.* § 3632(d)(4)(D)(lxviii).

Consistent with § 3632(d)(4)(D)(lxvi)'s plain language, courts have held that prisoners, like Jones, who were sentenced under § 841(b)(1)(B)(vi) are ineligible for FSA time credit. *See, e.g.*, *Ashby v. Warden*, No. 24-cv-1663, 2025 WL 2494326, at *5 (D. Md. Aug. 29, 2025); *Robertson v. Goldey*, No. 25-cv-26, 2025 WL 2534044, at *3 (W.D. Okla. July 31, 2025); *Cowette v. Puzio*, No. 24-cv-1656, 2025 WL 969529, at *3–4 (D. Conn. Mar. 30, 2025); *Gonzalez v. Eischen*, No. 24-cv-3740, 2024 WL 4882737, at *1 (D. Minn. Nov. 25, 2024); *Adams v. Warden Edgefield FCI*, No. 24-cv-4308, 2024 WL 4682394, at *2 (D.S.C. Nov. 4, 2024).

Jones's argument, which is not clearly articulated, appears to proceed as follows. As a starting point, Jones contends that, when read together, § 3632(d)(4)(D)(lxvi) and § 3632(d)(4)(D)(lxviii) are ambiguous. Jones understands both provisions to be the same except one requirement. Jones explains that § 3632(d)(4)(D)(lxvi) and § 3632(d)(4)(D)(lxviii) both prohibit prisoners from receiving FSA time credit if they were sentenced to § 841(a) offenses involving 40 to 400 grams of fentanyl. But Jones says that § 3632(d)(4)(D)(lxviii) contains an added requirement: the prisoner must be a leader in the offense. Thus, Jones reasons, § 3632(d)(4)(D)(lxvi) overlaps with § 3632(d)(4)(D)(lxviii). Based on the overlap, Jones contends that the BOP's decision to deny him FSA time credit under § 3632(d)(4)(D)(lxvi) was arbitrary, and that the rule of lenity requires the application of § 3632(d)(4)(D)(lxviii). Jones concludes that because the sentencing court did not find that he was a leader in his offense, he's eligible for FSA time credit to be applied to his sentence.

Jones misstates § 3632(d)(4)(D)(lxviii)'s requirements and misunderstands its scope. Regarding fentanyl, a prisoner loses eligibility for FSA credits if he was sentenced based on: (1) violating the enhanced penalty quantity thresholds for fentanyl, *see* § 3632(d)(4)(D)(lxvi); or (2) violating the enhanced penalty thresholds for *any substance* and the sentencing court finds that the offense involved a mixture or substance containing *a detectable amount* of fentanyl and that the defendant was a leader in the offense, *see* § 3632(d)(4)(D)(lxviii). *See Perry v. United States*, No. 19-cr-88, 2024 WL 4608851, at *4 n.3 (D. Me. Oct. 29, 2024), *report and recommendation adopted*, 2025 WL 260086 (D. Me. Jan. 22, 2025). Section § 3632(d)(4)(D)(lxviii) includes conduct not covered by § 3632(d)(4)(D)(lxvi).

Section § 3632(d)(4)(D)(lxvi) is clear: prisoners, like Jones, sentenced under § 841(b)(1)(B)(vi) are unambiguously excluded from receiving FSA time credit. The BOP did

3

not arbitrarily deny Jones FSA credit under § 3632(d)(4)(D)(lxvi), and Jones hasn't shown any inconsistency or redundancy between that provision and § 3632(d)(4)(D)(lxviii). I will deny the petition and close the case.

ORDER

IT IS ORDERED that:

1. Petitioner Jeffrey R. Jones's petition, Dkt. 1, is DISMISSED with prejudice.

2. The clerk of court is directed to enter judgment and close the case.

Entered October 3, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4